\*\*Original filed 3/1/07\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY L. WHITE, | ) | No. C 06-5626 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTIONS |
| | ) | TO PROCEED IN FORMA |
| vs. | ) | PAUPERIS; ORDER TO SHOW |
| | ) | CAUSE WHY PETITION |
| | ) | SHOULD NOT BE DISMISSED |
| MICHAEL HENNESSEY, Sheriff, | ) | FOR FAILURE TO EXHAUST |
| | ) | STATE REMEDIES |
| Respondent. | ) | |
| | ) | (Docket Nos. 2, 4) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and two motions to proceed in forma pauperis. Petitioner's trust account statement shows that Petitioner had $700.00 in deposits in the preceding six months and an average monthly balance of $200.00. This is more than sufficient to pay the $5.00 filing fee. The Court will DENY Petitioner's motions to proceed in forma pauperis (docket nos. 2, 4). However, before the Court orders Petitioner to pay the filing fee, the Court will order Petitioner to show cause why the petition should not be dismissed without prejudice because he has not exhausted his state court remedies prior to filing the instant petition.

\\\

**STATEMENT**

The instant petition was filed on September 14, 2006.  Petitioner challenges his prosecution for kidnaping, rape, assault and false imprisonment in San Francisco Superior Court.  Petitioner states that he was arraigned on these charges on April 11, 2006.  Petitioner alleges violations of his right to due process and the statute of limitations because the crime allegedly occurred in 1998.  However, Petitioner does not allege that the underlying state court proceeding has concluded, nor that he presented any of his claims to the California Supreme Court prior to filing this habeas action.  See Petition at 6-7.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254(b)-(c); see also O'Sullivan v Boerckel, 119 S.Ct 1728, 1730 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least one opportunity to review state prisoners' federal claims).  The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).  If, for example, an appeal of a state criminal conviction is pending, a would-be federal habeas petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue raised in the petition has been finally settled in the state courts.  Id.  Petitioner cannot present claims to this Court which he has not first raised in the highest state court available, the California Supreme Court, usually by filing a petition for review or a state habeas petition.

Here, it appears that Petitioner's underlying state criminal proceeding is currently pending. Additionally, Petitioner has not alleged that he presented his claims to the state supreme court prior to filing the instant habeas petition. Accordingly, the Court issues an Order to Show Cause to Petitioner as to why the petition should not be dismissed without prejudice to refiling once his underlying state criminal proceeding has concluded and he has exhausted his claims with the state supreme court.

Petitioner shall file a response within **thirty days** of the date of this order addressing: (1) whether his state criminal proceeding, at issue in the instant case, is currently pending; (2) whether he has an appeal, habeas petition or other post-conviction proceeding now pending before the state court; and (3) whether he has presented the claims in the instant petition to the California Supreme Court. Failure to file a timely response will result in the Court dismissing the instant petition without prejudice for failure to exhaust state court remedies.

## CONCLUSION

1.  Petitioner's motions to proceed in forma pauperis (docket nos. 2, 4) are DENIED.

2.  The Court orders Petitioner to show cause why the instant petition should not be dismissed without prejudice to refiling once he has exhausted his claims with the state supreme court. Petitioner shall file a response within **thirty days** of the date of this order addressing: (1) whether his state criminal proceeding, at issue in the instant case, is currently pending; (2) whether he has an appeal, habeas petition or other post-conviction proceeding now pending before the state court; and (3) whether he has presented the claims in the instant petition to the California Supreme Court. **Failure to file a timely response will result in the Court dismissing the instant petition without prejudice for failure to exhaust state court remedies.**

3.  It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper

1  captioned "Notice of Change of Address."  He must comply with the Court's orders in a
2  timely fashion.  Failure to do so may result in the dismissal of this action for failure to
3  prosecute pursuant to Federal Rule of Civil Procedure 41(b).
4       IT IS SO ORDERED.
5  DATED: __3/1/07_____
                                        _____
6                                       JEREMY FOGEL
                                        United States District Judge

Order Denying Motions to Proceed in Forma Pauperis; Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Exhaust State Remedies
P:\pro-se\sj.jf\hc.06\White626ifposcexh            4

A copy of this ruling was mailed to the following:

Larry L. White
# 2214748/ 3A-19
P.O. Box 67
San Bruno, CA  94066

Order Denying Motions to Proceed in Forma Pauperis; Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Exhaust State Remedies
P:\pro-se\sj.jf\hc.06\White626ifposcexh          5